Jahan C. Sagafi (Cal. Bar No. 224887)
Katrina L. Eiland (Cal. Bar No. 275701)
Julia Rabinovich (Cal. Bar No. 290730)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com
E-mail: keiland@outtengolden.com
E-mail: jrabinovich@outtengolden.com

Daniel Kohrman (admitted *pro hac vice*)
Laurie McCann (admitted *pro hac vice*)
Dara Smith (admitted *pro hac vice*)
AARP FOUNDATION LITIGATION
601 E. Street, N.W.
Washington, D.C. 20049
Telephone: (202) 434-2060
Facsimile: (202) 434-2082
E-mail: dkohrman@aarp.org
E-mail: lmccann@aarp.org
E-mail: dsmith@aarp.org

Adam T. Klein (*pro hac vice* forthcoming)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: atk@outtengolden.com

Jennifer L. Liu (Cal. Bar No. 279370)
THE LIU LAW FIRM, P.C.
1170 Market Street, Suite 700
San Francisco, CA 94102
Telephone: (415) 896-4260
Facsimile: (415) 231-0011
E-mail: jliu@liulawpc.com

*Attorneys for Plaintiffs and Proposed Class and Collective Members*

Michael P. Esser (Cal. Bar No. 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: michael.esser@kirkland.com

Emily Nicklin (admitted *pro hac vice*)
Gabor Balassa (admitted *pro hac vice*)
Christina Briesacher (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
E-mail: emily.nicklin@kirkland.com
E-mail: gabor.balassa@kirkland.com
E-mail: christina.briesacher@kirkland.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE RABIN and JOHN CHAPMAN, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>Defendant. | Case No. 16-cv-02276<br><br>**STIPULATION AND [PROPOSED] ORDER CONCERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION** |

WHEREAS, counsel for Plaintiffs and Defendant (collectively, the "Parties," and each, a "Party") have met and conferred regarding discovery of electronically stored information ("ESI") of the Parties;

WHEREAS, the Parties have reached agreement on certain of the issues discussed regarding such discovery;

WHEREAS, the Parties have entered into this Stipulation and [Proposed] Order Concerning Production of Electronically Stored Information ("Order") to facilitate the just, speedy, and inexpensive conduct of discovery involving ESI and to promote, to the fullest extent possible, the resolution of disputes regarding the discovery of ESI without Court intervention;

IT IS HEREBY ORDERED that:

1. All Parties are bound by and subject to the terms of this Order. This Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

2. <u>Definitions</u>.

   a. "Discovery Material" is defined as all products of discovery and all information derived there from, including, but not limited to, documents, objects and things, deposition testimony, interrogatory/request for admission responses, and any copies, excerpts or summaries thereof, produced by any Party in the above-captioned matter.

   b. Plaintiff and Defendant, as well as their officers, directors, employees, partners, principals, agents, and legal counsel, are referred to as the "Parties" solely for the purposes of this Protocol.

   c. "Plaintiff" as used herein shall mean Plaintiffs Steve Rabin and John Chapman, and all current Opt-In Plaintiffs, as well as any other individually named plaintiff in this case or in any case that is consolidated with this matter, any other individual that opts-in to

this case or any such consolidated matter, and any certified class member in this case or any such consolidated matter.

    d.  All other terms used herein shall be defined as they are in the Sedona Conference Glossary:  E-Discovery & Digital Information Management (Fourth Edition).

  3.  <u>Cooperation</u>**.**  The Parties shall conduct discovery in a cooperative manner, including without limitation, by reasonably drafting discovery requests and responses in accordance with Fed R. Civ. P. 1 and 26(g)(1); and producing ESI in accordance with Fed R. Civ. P. 34; and by meeting and conferring in good faith on topics such as identification of custodians of relevant ESI, potentially relevant data sources, search methodologies, and such other issues as may arise during the course of discovery.

  4.  <u>Deduplication</u>.  The Parties shall make reasonable efforts to de-duplicate ESI.  ESI shall be globally de-duplicated across all custodians and non-custodial sources.  Documents are considered exact duplicates if a document family or stand-alone file has a matching MD5 or SHA-1 hash value as compared against the same document type (*i.e.*, family or stand-alone file).  The names of all custodians who were in possession of a document prior to deduplication will be populated in the ALL_CUSTODIANS metadata field.  The original file paths of a document prior to de-duplication will be populated in the ALL_FILE PATHS metadata filed.

  5.  <u>Email Threading</u>.  Where multiple email messages are part of a single chain or "thread," a Party is only required to produce the most inclusive message and need not produce earlier, less inclusive email messages or "thread members" that are fully contained, including attachments and including identical senders and recipients, within the most inclusive email message.  For the avoidance of doubt, only email messages for which the parent document and all attachments are contained in the more inclusive email message will be considered less

inclusive email messages that need not be produced; if the later message contains different text (such as where the later message adds in-line comments to the body of the earlier message) or senders or recipients, or does not include an attachment that was part of the earlier message, the earlier message must be produced.

6. <u>Privilege Logs And Redaction</u>.  An email thread for which a Party claims a privilege may be logged in a single entry provided that such entry identifies all senders and recipients appearing at any point in the thread.  The Parties agree that the following documents need not be included on a privilege log:

    a. Communications between the Parties and their counsel (including internal communications within a law firm or within a legal department of the Party) on and after the filing of this lawsuit and before the lawsuit in anticipation of this litigation regarding the litigation or litigation strategy.

    b. Work product created by or for counsel in this matter after commencement of this lawsuit and before the lawsuit in anticipation of this litigation.

7. <u>Production Format For ESI</u>.

    a. <u>General Provisions</u>.  Unless the Parties agree to a different format, documents should be produced with TIFF images and named according to the Bates number of the corresponding TIFF image. Each *.tiff file should be assigned a unique name matching the Bates number of the corresponding image.  The Bates number should be consistent across the production, contain no special characters, and be numerically sequential within a given document.  Attachments to documents should be assigned Bates numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached.  If a Bates

number or set of Bates numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.  All images should be provided in single-page, Group IV TIFF with a resolution of 300 DPI.  Bates numbers and confidentiality designations should be electronically branded on each produced *.tiff image. These .TIFF images should be provided in a separate folder and the number of TIFF files per folder should be limited to 1,000 files.

    b.  Document Text.  All unredacted documents should be provided with complete document-level extracted text files.  In the event a document contains text which is to be redacted, OCR text files should be provided for any un-redacted portions of the documents.  Document-level OCR text files should be provided for any unredacted portions of redacted documents and for all hard copy scanned documents.  The extracted full text and/or OCR text for all deliverables should be in separate document-level, ANSI or UTF-8 encoded TXT files provided in a separate folder. The number of TXT files per folder should be limited to 1,000 files.

    c.  Parent-Child Relationships.  For email collections, the parent-child relationships (the association between emails and attachments) should be preserved.  Email attachments should be consecutively produced with the parent email record.

    d.  Dynamic Fields.  Documents with dynamic fields for file names, dates, and times will be processed to show the field code (*e.g.*, "[FILENAME]" or "[AUTODATE]"), rather than the values for such fields existing at the time the file is processed.

    e.  Non-redacted Word Processing Files.  Upon reasonable request, all word processing files that do not require redactions, may be produced in native file format showing comments and track changes, and as *.tiff images showing track changes and comments. A UNC file path must be included in the ESI load file.

    f. <u>Non-redacted Spreadsheet Files</u>.  Spreadsheet files, including without limitation Microsoft Excel files, that do not require redactions will be produced as native files showing comments and similar data.  A UNC file path must be included in the ESI load file.  Additionally a bates-stamped *.tiff placeholder matching the bates number of the native file, must be included in the production and reflected in the image load file.  To the extent Parties prefer native file redaction of Spreadsheet File, the Parties will meet and confer to discuss the form of production.

    g. <u>Presentation Files</u>.  Microsoft PowerPoint files will be produced as native files showing comments, hidden slides, speakers' notes, and similar data.  Upon reasonable request, other presentation files may be produced as native files showing comments, hidden slides, speakers' notes, and similar data.  A UNC file path must be included in the ESI load file. Additionally a bates-stamped *.tiff placeholder matching the bates number of the native file, must be included in the production and reflected in the image load file. The Parties will meet and confer regarding production of presentation files with alternate default settings.

    h. <u>Database Records and Structured Data</u>.  To the extent that any Party requests data or information (other than e-mail) that is stored in a structured database  (including but not limited to Oracle, SQL Server, DB2, Microsoft Access (*.mdb), Lotus Notes/Domino Server non-email databases), without waiving any objections to such a request, each Party will make reasonable efforts to determine whether such data can be produced and if so, make a production in existing report formats, or report formats that can be developed without undue burden.  Nothing in this paragraph prevents any Party from asserting any objection(s) to such a request including, but not limited to, undue burden, relevance, proportionality, scope, and/or the imposition of costs

on the other Party.

i.  <u>Embedded Files</u>.  Embedded files are produced as family groups. Embedded files should be assigned Bates numbers that directly follow the Bates numbers on the documents within which they are embedded.

j.  <u>Time Zone</u>.  All metadata provided pertaining to dates and times will be standardized to Universal Coordinated Time (UTC) for Plaintiffs' data, and Eastern Time (ET) for Defendant's data.

k.  <u>Bates Numbering</u>.  Files will be named according to the Bates number of the corresponding *.tiff image. The Bates number will:

   i.   be consistent across the production;

   ii.  contain no special characters; and

   iii. be numerically sequential within a given document.

Attachments to documents will be assigned Bates numbers that directly follow the Bates numbers on the documents to which they were attached. If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers will be noted. In addition, wherever possible, each *.tiff image will have its assigned Bates number electronically "burned" onto the image.

l.  <u>Load File Formats</u>.  ESI will be produced with a standard Concordance (*.dat) load file format and an image load file that is in .OPT format. The Concordance (*.dat) load file shall be provided with UTF-8 or ANSI encoding.

m.  <u>Metadata to be Produced</u>.  Metadata to be produced: The following metadata fields should be produced for each document to the extent that such information is available at the time of collection and processing, except that if a field contains privileged information, that privileged information may be redacted and noted in a corresponding

privilege log.  All requests should be read to include a request for all metadata associated with all documents responsive to the request.

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **BEGDOC** | Starting bates | Hardcopy, edoc, email **and** attachment |
| **ENDDOC** | Ending bates | Hardcopy, edoc, email **and** attachment |
| **CUSTODIAN** | Custodial **or** non-custodial source(s) from which the **document** was collected | Hardcopy (if coded), edoc, email **and** attachment (populated through processing) |
| **ALL CUSTODIANS** | Custodial source(s) from which document was collected but subsequently suppressed as a duplicate during processing. | Edoc, email **and** attachment (populated through processing) |
| **FAMILYIDOR ATTACHID** | Family (Range of bates related **documents** (i.e email & attachment) - this field will be populated for **all** records in the family), and will distinguish parent documents from attachments. | Hard copy, edoc, emails **and** attachments (populated through processing) |
| **PRPERTIES OR RCRDTYPE** | Record type – will be either "email," "attachment," "edoc," **or** "hardcopy." | |
| **FROM** | Email Author | Emails (populated through processing) |
| **TO** | Recipient | Emails (populated through processing) |
| **CC** | CC field - In the event of emails | Emails (populated through processing) |
| **BCC** | Bcc field - in the event of emails | Emails (populated through processing) |
| **SUBJECT** | Subject | Emails (populated through processing) |
| **DOCTITLE** | **Document** Title/name of the original native file as it existed at the time of collection. | Hardcopy (if coded), edoc **or** attachment (populated through processing) |

| | | |
|---|---|---|
| **DOCDATE** | **Document** Date/Date Sent, format MM/DD/YYYY, this is the SORT_DATE field, so populate across families | Email **and** Attachments |
| **DATESENT** | Email Sent Date, format MM/DD/YYYY | Emails (populated through processing) |
| **TIMESENT** | Time sent, format 00:00:00 AM/PM | Emails (populated through processing) |
| **DATECREATED** | Date first created, format MM/DD/YYYY | Edoc **or** attachment (populated through processing) |
| **DATESVD** | Date last saved/modified, format MM/DD/YYYY | Edoc **or** attachment (populated through processing) |
| **TIMESVD** | Time saved, format 00:00:00 AM/PM | (populated through processing) |
| **PAGECOUNT** | **Document** page count | Edoc **or** attachment (populated through processing) |
| **ATTILE** | File name/attachment name | Electronic files **and/or** attachments (populated through processing) |
| **APPLICAT** | Application used to open the file (Word, Powerpoint, Adobe, Excel, Explorer, Quicken, etc.) | Electronic files **and/or** emails, attachments (populated through processing) |
| **FOLDERID OR ORIGFOLDERPATH OR FILEPATH** | File path/folder structure of original native file as it existed at the time of collection.<br><br>i.e. path of email in mailbox (populate for email attachments also); filepath of edocs **or** scanned **documents** (if requested) | Electronic files **and/or** emails, attachments (populated through processing) |

| ALL FILEPATHS | File path/folder structure of original native file as it existed at the time of collection but subsequently removed as a duplicate.<br><br>i.e. path of email in mailbox (populate for email attachments also); filepath of edocs **or** scanned **documents** (if requested) when duplicate copies were suppressed during processing. | Electronic files **and/or** emails, attachments (populated through processing) |
|---|---|---|
| **NATIVEFILE** | Active link reflecting current filepath back to the native file | Electronic files **and/or** emails, attachments (populated through processing **and only provided if receiving native files**.) |
| **FILEEXTEN** | In the event of attachments **or** emails, this will enable us to search by **document** type. Sample contents: *PST*, *MSG*, *PDF*, *DOC*, *PPT*, *HTM*, etc. | Electronic files **and/or** emails, attachments (populated through processing) |
| **FILESIZE** | Numerical file size, in bytes, of any natively-produced documents. | Electronic files and/or edocs (populated through processing). |
| **AUTHOR** | In the event of attachments, this field contains the 'author' of the **document** | For Hard Copy **documents** (if coded) **or** electronic files **and/or** attachments (populated through processing) |
| **HASH** | MD5 Hash value for de-dupe | Electronic files **and/or** attachments (populated through processing) |
| **CONVERSATION INDEX** | Value that indicates the relative position of a message within a conversation thread. | Emails (populated through processing) |

8. <u>Production Format for Hard Copy Documents</u>. Hard copy documents will be scanned and processed as .tiff images with OCR. To the extent this production format is not feasible or causes the producing Party undue burden, the Parties agree to meet and confer to discuss the different form of production.

9. <u>Encryption</u>. To maximize the security of information in transit, any media on

which documents are produced may be encrypted by the producing Party. In such cases, the producing Party shall transmit the encryption key or password to the requesting Party, under separate cover, contemporaneously with sending the encrypted media.

10. Fed. R. Evidence 502(d) Order. The production of privileged or work-product protected documents, ESI or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. A producing Party which seeks the return of documents under this section may request the return of documents which should have been withheld on the basis of the attorney-client and/or work product protection. Upon receipt of such a request for return, the Party to whom the documents were produced must immediately destroy the documents including all information contained in the documents that has been incorporated into notes, summaries, communications or other work product and confirm within three (3) business days that the destruction is complete. Should the receiving Party disagree with the assertion of privilege, it may move to compel production of the documents within fourteen (14) days. Further, any Party who receives a privileged or work-product protected document, ESI or information and knows or reasonably should know that the document, ESI or information was inadvertently produced shall promptly notify the producing Party.

11. Nothing contained in this Order is intended to or shall serve to place any obligations on the Parties regarding what each Party will search for, collect, and/or produce. Further, nothing contained in this Order is intended to or shall serve to limit a Party's right to

conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Each Party reserves all rights to assert any objection(s) to any discovery request including, but not limited to, undue burden, relevance, proportionality, scope, the imposition of costs on the opposing Party, or any other applicable objection.

| | |
|---|---|
| Dated: October 5, 2016 | Respectfully submitted, |
| | By: /s/ *Jahan C. Sagafi* |
| |     Jahan C. Sagafi |
| | |
| | Jahan C. Sagafi (Cal. Bar No. 224887) |
| | Katrina L. Eiland (Cal. Bar No. 275701) |
| | Julia Rabinovich (Cal. Bar No. 290730) |
| | OUTTEN & GOLDEN LLP |
| | One Embarcadero Center, 38th Floor |
| | San Francisco, CA 94111 |
| | Telephone: (415) 638-8800 |
| | Facsimile: (415) 638-8810 |
| | E-mail: jsagafi@outtengolden.com |
| | E-mail: keiland@outtengolden.com |
| | E-mail: jrabinovich@outtengolden.com |
| | |
| | Adam T. Klein (*pro hac vice*) |
| | OUTTEN & GOLDEN LLP |
| | 3 Park Avenue, 29th Floor |
| | New York, New York 10016 |
| | Telephone: (212) 245-1000 |
| | Facsimile: (646) 509-2060 |
| | E-mail: atk@outtengolden.com |
| | |
| | Daniel Kohrman (admitted *pro hac vice*) |
| | Laurie McCann (admitted *pro hac vice*) |
| | Dara Smith (admitted *pro hac vice*) |
| | AARP FOUNDATION LITIGATION |
| | 601 E. Street, N.W. |
| | Washington, D.C. 20049 |
| | Telephone: (202) 434-2060 |
| | Facsimile: (202) 434-2082 |
| | E-mail: dkohrman@aarp.org |
| | E-mail: lmccann@aarp.org |
| | E-mail: dsmith@aarp.org |
| | |
| | Jennifer L. Liu (Cal. Bar No. 279370) |
| | THE LIU LAW FIRM, P.C. |
| | 1170 Market Street, Suite 700 |
| | San Francisco, CA 94102 |
| | Telephone: (415) 896-4260 |
| | Facsimile: (415) 231-0011 |
| | E-mail: jliu@liulawpc.com |
| | |
| | *Attorneys for Plaintiffs and Proposed Class and Collective Members* |

| | | |
|---|---|---|
| 1 | Dated: October 5, 2016 | By: /s/ *Emily Nicklin* |
| 2 | | |
| 3 | | Michael P. Esser (Cal. Bar No. 268634)<br>KIRKLAND & ELLIS LLP |
| 4 | | 555 California Street<br>San Francisco, CA 94104 |
| 5 | | Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500 |
| 6 | | E-mail:  michael.esser@kirkland.com |
| 7 | Emily Nicklin (*pro hac vice*) | |
| 8 | Gabor Balassa (*pro hac vice*)<br>Christina Briesacher (*pro hac vice*) | |
| 9 | KIRKLAND & ELLIS LLP<br>300 North LaSalle | |
| 10 | Chicago, IL 60654<br>Telephone: (312) 862-2000 | |
| 11 | Facsimile: (312) 862-2200<br>E-mail:  christina.briesacher@kirkland.com | |
| 12 | E-mail:  gabor.balassa@kirkland.com<br>E-Mail:  christina.briesacher@kirkland.com | |
| 13 | | *Attorneys for Defendant* |

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

Date: October 11, 2016

_____
Honorable Jon S. Tigar
United States District Judge