UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE RABIN, et al.,

        Plaintiffs,

    v.

PRICEWATERHOUSECOOPERS LLP,

        Defendant.

Case No. 16-cv-02276-JST

**DISCOVERY ORDER**

Re: ECF No. 58

The parties have submitted a joint letter brief describing several outstanding discovery disputes. ECF No. 58. The Court addresses each in turn below.

### I. Complaints of Discrimination

The parties' first dispute concerns Plaintiffs' request for complaints of discrimination at Pricewaterhouse Coopers ("PwC"). Plaintiffs seek complaints of age discrimination within lines of business containing class positions (Tax and Assurance) by deterred applicants, actual applicants, and incumbents in the class positions and managers above them. ECF No. 58 at 1. Plaintiffs' proposed class, on the other hand, includes only deterred applicants and actual applicants for entry-level positions, but does not include applicants for upper-level positions or incumbents of any type. Id. at 2-3.

The Court agrees with the general proposition that discovery of complaints beyond those filed by a putative class is sometimes appropriate. Cf. Heyne v. Caruso, 69 F.3d 1475, 1480 (9th Cir. 1995) (finding that district court erred by excluding trial testimony about sexual harassment complaints other than those made by plaintiff). That does not mean, however, that any complaint against PwC is fair game.

Chen-Oster v. Goldman, Sachs & Co., which both parties discuss, sheds some light on

where the line should be drawn in discovery. 293 F.R.D. 557 (S.D.N.Y. 2013). There, the plaintiffs alleged a pattern of gender discrimination against upper-level female financial-services employees within four divisions of Goldman Sachs in compensation, promotion, and performance evaluation. Id. at 560. In an order granting in part plaintiffs' motion to compel, the court ordered Goldman Sachs to produce internal complaints "'conceivably related' to gender discrimination made by female employees in the four revenue-generating divisions, regardless of whether the complainant [wa]s a member of the putative class."[1] Id. at 568. The court explained that the complaints of these non-class members might provide relevant "anecdotes and information regarding their interactions with common managers, experiences utilizing the same internal complaint process, or the general culture of these divisions." Id. Notably, the plaintiffs sought only those complaints that resembled the complaints of the putative class (i.e., related to compensation, promotion, and performance evaluation).

Plaintiffs' request here is broader than the one in Chen-Oster. Plaintiffs seek complaints related to hiring (the subject of their complaint) and related to decisions affecting employees after they have been hired. Chen-Ouster does not support discovery this expansive. The Court orders Defendants to produce all age-related complaints by individuals seeking employment in any of the relevant lines of business, whether or not those individuals are part of the putative class. But Defendants need not produce employee complaints related to, for example, compensation or promotion decisions, which are less likely to provide helpful anecdotal information bearing on PwC's hiring processes.

## II.   Age-Based Retirement Requirements

The parties' next dispute is over the mandatory retirement provision in PwC's partnership contract. The existence of the provision is undisputed, but Plaintiffs seek "documents describing the policy itself and discussions of its development, implementation, and consequences for the age demographics in the company." ECF No. 58 at 4. Plaintiffs have not persuasively explained how this request could lead to the discovery of any relevant evidence.[2] The Court denies the request.

---

[1] Therefore, although the class included only associates and upper level employees, the Court deemed complaints by administrative assistants or analysts discoverable as well. Id.

[2] Although the amended Rule 26 has deleted the "lead to the discovery of admissible evidence" language, in this instance it remains a helpful starting place for determining whether to allow

2

### III. Plaintiffs' Employment History

Third, Plaintiffs object to Defendants' request for discovery relating to Plaintiffs' employment history. Defendants seek information on every job Plaintiffs have ever held, including dates and titles of all positions, names of supervisors, pay and benefits, and the reason for separation or termination. ECF No. 58-2 at 7. Plaintiffs object to the breadth of this request, and have offered to provide, for each named Plaintiff, information on accounting employment and "non-accounting positions that Plaintiff typically includes on his resume." Id. at 8. Between these two positions,[3] Plaintiffs' is by far the more reasonable. Whether or not Steven Rabin worked in a coffee shop twenty years ago has no bearing on his "professional ambition or interest in the type of challenging work at issue here," notwithstanding Defendants' claims to the contrary. Id. at 6. Although work history may be more relevant in cases challenging hiring decisions than in cases about termination, promotion, or performance evaluation, Defendants here fail to appropriately tailor their request.[4] The Court denies the request.

### IV. Plaintiffs' Job Search History

Finally, the parties dispute Defendants' request for discovery into the history of Plaintiffs' efforts to obtain employment. Defendants have asked for information about "all efforts" Plaintiffs made to "secure employment since [they] first enrolled in any college program." ECF No. 58-2. In response, Plaintiffs have offered to provide information about applications to PwC and for other "accounting employment." ECF No. 58 at 7. Again, Plaintiffs' position is the more reasonable one. Decades-old applications for jobs unrelated to accounting that did not appear on Plaintiffs'

---

discovery to proceed.

[3] See Sage Electrochromics, Inc. v. View, Inc., No. 12-CV-6441-JST, 2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014) (explaining why the Court often uses "baseball arbitration" to resolve pretrial discovery and scheduling disputes).

[4] Certainly, some district courts in employment discrimination cases have allowed for the type of far-reaching discovery requested here. See, e.g., Kelley v. Billings Clinic, No. CV 12-74-BLG-RFC-CSO, 2013 WL 1414442, at *3 (D. Mont. Apr. 8, 2013). But others have taken a more restrictive approach. See, e.g., Sanders v. Dalcraft, LLC, No. 3-09-CV-0307-P, 2009 WL 1392602, at *2 (N.D. Tex. May 18, 2009). In this case, the Court is swayed by Plaintiffs' argument that information that PwC had access *to at the time it made its hiring decisions* is the key to rebutting a claim of discrimination. Discovery into Plaintiffs' employment history that Defendants could never have considered is of questionable relevance, at least on the information available to the Court at this stage. See Williams v. United States Envtl. Servs., LLC, No. CV 15-168-RLB, 2016 WL 684607, at *6 (M.D. La. Feb. 18, 2016) (rejecting defendant's request for "additional records to seemingly justify the reasons given for its previous employment action").

resumes do not provide helpful context for Plaintiffs' recent applications to PwC, nor for Defendants' decisions related to those applications. Moreover, compiling responsive information and documents covering such a long time period would be burdensome. Therefore, the Court denies Defendants' request. The Court does, however, order that each Plaintiff expand the production of "accounting employment" applications back to a date one year prior to his or her first application to PwC. That job search information is relevant to Plaintiffs' allegations in the complaint regarding their desire for "Big 4" accounting jobs, see, e.g., ECF No. 42 ¶¶ 49, 66, 76, and represents a reasonable compromise.

IT IS SO ORDERED.

Dated: January 5, 2017

                                                                    _____
                                                                    JON S. TIGAR
                                                                    United States District Judge