UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RABIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>    Defendant. | Case No.16-cv-02276-JST<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 80 |

## I.     BACKGROUND

On March 3, 2017, the parties submitted a joint discovery brief, ECF No. 80, in which they dispute the scope of the documents Plaintiffs must produce related to Plaintiff Steve Rabin's job search history. Their dispute concerns the obligations imposed by the Court's prior discovery order, ECF No. 58. In that order, the Court rejected Defendant's expansive request for documents about "all efforts" Plaintiffs made to "secure employment since [they] first enrolled in any college program." Id. at 4 (quoting ECF No. 58-2). The Court did, however, "order that each Plaintiff expand the production of 'accounting employment' applications back to a date one year prior to his or her first application to PwC." Id. The Court considered those documents "relevant to Plaintiffs' allegations in the complaint regarding their desire for 'Big 4' accounting jobs, see, e.g., ECF No. 42 ¶¶ 49, 66, 76." Id.

The issue now is what the Court meant (or should have meant) by Rabin's "first application to PwC." Plaintiffs argue that the Court meant the first application over which Rabin claims discrimination in this case. Defendants argue that Rabin's first application to PwC in 2003 is the relevant guidepost, even though Rabin is not suing over that application. Because the Court now has new facts that were not before it when it issued its earlier order, it now gives this issue a

fresh look.

## II. ANALYSIS

As Defendants explain, there are two potential reasons why documents relating to Rabin's job search history going back to 2003 might be relevant. ECF No. 80 at 2. First, "Mr. Rabin's other applications and rejections" may be relevant to his qualifications for the jobs that are in fact the subject of this lawsuit. Id. Second, they may relate to Rabin's allegation that he sought out "Big 4" accounting jobs because those firms act as gateway employers for the rest of the industry. Id.

The Court rejects Defendant's first justification for its broader job search history timeframe. As the Court explained in its January 5 order, "[d]ecades-old applications for jobs unrelated to accounting that did not appear on Plaintiffs' resumes do not provide helpful context for Plaintiffs' recent applications to PwC, nor for Defendant's decisions related to those applications." ECF No. 58 at 4. Although Defendant identified one district court decision compelling the production of a plaintiff's job applications to "any employer within the past ten years," E.E.O.C. v. Kovacevich "5" Farms, No. 106CV0165OWWTAG, 2007 WL 1599772, at *13 (E.D. Cal. June 4, 2007), the Court continues to agree with Plaintiffs that "the proper legal inquiry is what the employer knew when it took the adverse action." ECF No. 80 at 4; see, e.g., Williams v. United States Envtl. Servs., LLC, No. CV 15-168-RLB, 2016 WL 684607, at *6 (M.D. La. Feb. 18, 2016); E.E.O.C. v. Texas Roadhouse, Inc., 303 F.R.D. 1, 3 (D. Mass. 2014). Many of the cases that Plaintiffs cited in the letter brief involved adverse actions other than failure to hire, but there is no logical reason this limit on discovery should not apply in hiring cases as well. Whether or not Rabin applied for a job in 2003 is not relevant to his qualifications for a different job ten years later.

As the Court stated in its last order, however, Rabin's complaint includes the allegation that he applied for jobs throughout the "Big 4" because of those companies' gateway function for other accounting jobs. ECF No. 80 at 2. If Rabin did not actually apply for "Big 4" jobs, that would undercut his narrative. Likewise, if Rabin applied for those jobs, received offers, and turned them down, that would also rebut his allegation that PwC blocked his access to other industry jobs. The documents at issue relate to these contested facts.

2

On the other hand, the burden on Plaintiffs to produce documents going back to the early 2000s is substantial. Due to the sizeable volume of documents Rabin has accumulated and the disorganized manner in which they are stored, Plaintiffs estimate that over 600 hours of attorney time would be required to identify and produce documents responsive to this request. ECF No. 80-1. That burden must be weighed against the potential importance of the documents. Fed. R. Civ. P. 26(b)(1) (court must consider "whether the burden or expense of the proposed discovery outweighs its likely benefit"). Rabin's job search history, though relevant to his larger narrative as described above, does not directly relate to any of the elements his age discrimination claim. See Jamal v. Wilshire Mgmt. Leasing Corp., 320 F. Supp. 2d 1060, 1069 (D. Or. 2004) (listing elements). Most importantly, Defendant offers no explanation why other forms of discovery — responses to interrogatories or deposition testimony — would not suffice to test Plaintiffs' allegations about PwC's role as a gateway employer. For example, Rabin could list his prior applications in an interrogatory response, and Defendant could ask Rabin about each application and their outcomes during his deposition. The lower burden this form of discovery would impose is appropriate given the limited purpose the resulting information would serve.

The Court orders that each Plaintiff produce documents related to accounting employment applications back to a date one year prior to his or her first application to PwC *that is at issue in this lawsuit*. Applications during the broader time period that Defendant argues is relevant — one year before *any* application to PwC — may be probed through interrogatories and depositions.

IT IS SO ORDERED.

Dated: March 10, 2017

_____
JON S. TIGAR
United States District Judge

3