UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RABIN, ET AL.,<br><br>       Plaintiffs,<br><br>   v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>       Defendant. | Case No.16-cv-02276-JST<br><br>**ORDER DENYING MOTION FOR CERTIFICATION**<br><br>Re: ECF No. 84 |

Before the Court is Defendant PricewaterhouseCoopers LLP's ("PwC") motion for certification under 28 U.S.C. § 1292(b). The Court will deny the motion.

## I. BACKGROUND

On February 17, 2017, the Court denied PwC's motion for judgment on the pleadings, rejecting PwC's argument that the Age Discrimination in Employment Act ("ADEA") does not permit job applicants to bring disparate impact claims. ECF No. 74. On March 8, 2017, PwC filed a motion for certification under 28 U.S.C. § 1292(b). ECF No. 84. Plaintiffs oppose the motion. ECF No. 89.

## II. LEGAL STANDARD

The final judgment rule ordinarily provides that courts of appeal shall have jurisdiction only over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. However, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." Couch v. Telescope Inc.,

611 F.3d 629, 633 (9th Cir. 2010). "These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983).[1]

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). To that end, "section 1292(b) is to be applied sparingly and only in exceptional cases." In re Cement Antitrust Litigation, 673 F.2d at 1027.

## III. ANALYSIS

The Court concludes that PwC has failed to show that two of the three requirements under section 1292(b) are met.

### A. Controlling Question of Law

A "controlling" question of law may only be found in those "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d at 1026. A question of law is controlling if "the resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Id. at 1027. "[A] mixed question of law and fact," by itself, is not appropriate for permissive interlocutory review. Steering Comm. v. United States, 6 F.3d 572, 575 (9th Cir. 1993). Indeed, this prong is only "satisfied [when] at least one 'pure' question of law is presented." Flores v. Velocity Express, LLC, No. 12-CV-05790-JST, 2015 WL 4463639, at *3 (N.D. Cal. July 21, 2015) (citing Steering Comm. v. United States, 6 F.3d 572, 575-76 (9th Cir. 1993) ("We have held that the presence of a pure legal question permits the court to resolve all questions material to the

---

[1] Plaintiffs argue that even if the three requirements are met, a district court "'may, but need not,' exercise its discretion to allow an appeal." ECF No, 91-4 at 8 (quoting In re Cement Antitrust Litigation, 673 F.2d at 1026). But that language governs a court of appeals' decision to exercise jurisdiction over an interlocutory appeal, not the district court's analysis. In re Cement Antitrust Litigation, 673 F.2d at 1026.

Here, there is no dispute that the question is a purely legal one. Determining whether the ADEA permits disparate impact claims by job applicants requires no factual findings. But that is not the end of the inquiry. As Plaintiffs note, even if the Ninth Circuit disagrees with the Court about the viability of their ADEA disparate impact claim, Plaintiffs still have California and Michigan disparate impact claims under FEHA. FAC ¶¶ 106-112 (California claim); ¶¶ 129-135 (Michigan claim). Initial discovery shows, moreover, that PwC's "policies and practices appear to be substantially uniform nationwide." Sagafi Decl. ¶¶ 6-9. Additionally, Plaintiffs' provided evidence that PwC's data system for applications is not divided geographically. ECF No. 91-9 at 6.[3] In other words, regardless of whether Plaintiffs' disparate impact claims are limited to those to states or remain nationwide in scope, the necessary discovery will be similar. Therefore, "[a]lthough the question is a legal one, it is not controlling, as the resolution of this question will not "save time for the district court, and time and expense for the litigants." Rodman v. Safeway Inc., No. 11-CV-03003-JST, 2015 WL 3863653, at *2 (N.D. Cal. June 22, 2015).

Moreover, much of the discovery on Plaintiffs' disparate impact claim would overlap with the discovery required for their disparate treatment claim. ECF No. 91-4 at 11. For example, evidence of PwC's policies and practices related to recruitment and hiring is relevant to both types of claims. Id. And although a statistical analysis is not required to prove a treatment claim like it is with an impact claim, "both [] disparate treatment and disparate impact claims can be proven using the same statistical showing." Moore v. Napolitano, 926 F. Supp. 2d 8, 20 (D.D.C. 2013). The Court concludes that this first factor is not satisfied.

---

[2] The Court agrees with PwC that "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011). Therefore, the fact that Plaintiffs' suit would continue even if the Ninth Circuit reversed the Court's ADEA disparate impact ruling does not necessarily mean interlocutory review should be unavailable.

[3] In reply, PwC states that Plaintiffs' data claims are inaccurate because it "stores application data by individual job requisition, and data can be extracted from the database only in limited packets—thus, the more data that must be extracted, the greater the burden." ECF No. 93 at 6. But PwC provides no declaration in support of that statement.

**B.      Difference of Opinion**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).  Generally, such a difference exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . . ." Id. (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)).

As this Court noted in its order denying the motion for judgment on the pleadings, "a majority of judges on the Villareal en banc panel" disagreed with the Court's determination that section 4 of the Age Discrimination in Employment Act permits disparate impact claims by job applicants.  ECF No. 74 at 9.  PwC argues that the split between this Court and the Eleventh Circuit in Villareal satisfies the difference of opinion prong.

PwC does not identify, and this Court could not locate, a case in which a court found a difference of opinion based on a single contrary ruling by another circuit.   Generally, courts have found this prong not satisfied when the moving party cannot identify *any* competing authority. See, e.g., Guidiville Rancheria of California v. United States, No. 12-CV-1326 YGR, 2014 WL 5020036, at *2 (N.D. Cal. Oct. 2, 2014); Steshenko v. Gayrard, No. 13-CV-03400-LHK, 2014 WL 7204784, at *2 (N.D. Cal. Dec. 16, 2014).  Here, there may not be a split of authority among the circuits, but the Court concludes that the Villareal decision suffices to show that a "substantial ground for difference of opinion" exists.  Couch, 611 F.3d at 633.  This factor is satisfied.

**C.      Appeal May Materially Advance the Litigation**

"When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." Hansen Beverage Co. v. Innovation Ventures, LLC., No. 08CV1166 IEG(POR), 2010 WL 743750, at *4 (S.D. Cal. Feb. 25, 2010).  "[T]he considerations of this factor overlap significantly with the first one." Rodman, 2015 WL 3863653, at *3 (quoting Rollins v. Dignity Health, No. 13–CV–01450–TEH, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014)).

As described above, because a reversal on the ADEA disparate impact issue would leave Plaintiffs' ADEA disparate treatment and state disparate impact claims intact, interlocutory appeal

1     would offer little assistance in "avoid[ing] protracted and expensive litigation." <u>In re Cement</u>, 673

2     F.2d at 1026.  Of course, the burden of producing discovery on 50 states is greater than the burden

3     from 2 states, ECF No. 93 at 6-7, but the Court does not find that the difference satisfies section

4     1292(b)'s "'exceptional circumstances' standard." <u>In re Cement</u>, 673 F.2d at 1026.

5            The one case PwC cites in its moving papers does not require certification.  In <u>Reese v. BP

6     Expl. (Alaska) Inc.</u>, 643 F.3d 681 (9th Cir. 2011), the Ninth Circuit affirmed the district court's

7     grant of section 1292(b) certification because reversal on appeal could have eliminated one of the

8     defendants entirely, as well as one category of claims "against all remaining defendants." <u>Id.</u> at

9     688.  Here, by contrast, reversal would certainly not eliminate PwC from the case; nor would it

10    eliminate one category of claims, since any reversal would not impact Plaintiffs' state disparate

11    impact claims.  In sum, the Court concludes that interlocutory appeal would not materially

12    advance the litigation.

**CONCLUSION**

13

14           Only one of the three factors for interlocutory review is satisfied.  Therefore, the Court

15    denies PwC's motion for section 1292(b) certification.

16           IT IS SO ORDERED.

17    Dated:  April 17, 2017

18

19                                                      _____
                                                              JON S. TIGAR
20                                                     United States District Judge

21

22

23

24

25

26

27

28

5