UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RABIN, ET AL., <br> Plaintiffs, <br> v. <br> PRICEWATERHOUSECOOPERS LLP, <br> Defendant. | Case No.16-cv-02276-JST <br><br> **DISCOVERY ORDER** <br> Re: ECF No. 142 |

On August 1, 2017, the parties filed a joint discovery brief regarding the timing for their ESI document review process. ECF No. 142. The parties have agreed to the ESI process itself. Id. at 1.[1]

The Court summarizes the dispute as follows. Plaintiffs want ESI discovery to begin on a rolling basis from August to October at the same time that the TAR model is iteratively refined and checked for accuracy (and as privileged documents are removed). Id. at 4. This timeline, Plaintiffs argue, will allow them to use the ESI discovery in their conditional certification motion. Defendant's response is two-fold. First, Defendant claims that Plaintiffs are not entitled to ESI discovery prior to conditional certification. Id. at 5. Second, Defendant claims that the ESI process cannot be completed in the timeframe suggested by Plaintiffs. Id.

The Court disagrees with Defendant that Plaintiffs are not entitled to any ESI discovery to prepare their conditional certification motion. As an initial matter, the Court places little weight on statements made by counsel in their many discovery letters that might indicate whether the

---

[1] Under the proposed process, "PwC will employ H5's TAR process, a process incorporating both linguistic and statistical modeling, on the set of documents culled in by the search terms (the Review Set) for the purpose of identifying responsive documents within that set." Id. at 1. TAR stands for technology-assisted review."

parties thought that ESI discovery would begin before or after the motion. Although concessions or agreements made in discovery correspondence are not irrelevant, in a case of this magnitude, the Court expects that the parties' positions may shift over time as new information comes to light.

Nor does the caselaw cited by the parties clearly answer whether Plaintiffs may receive ESI discovery before conditional certification. In their back and forth, neither party cites a Ninth Circuit decision, or even a case from this district. And, at the risk of belaboring the point, the Court explains why none of the out-of-district cases provide a definitive answer on the appropriate scope of pre-certification discovery. In Dallas v. Alcatel-Lucent USA, Inc., the court remarked that "some document production" had been completed pre-certification. No. 09-14596, 2012 WL 424878, at *5 (E.D. Mich. Feb. 9, 2012). What "some" means is left unexplained. Similarly, in Pines v. State Farm Gen. Ins. Co., the court references various letters that defendants must have produced before the certification motion, but does not indicate whether other documents were also produced and, if so, how many. No. SACV89-631AHS(RWRX), 1992 WL 92398, at *4 (C.D. Cal. Feb. 25, 1992). Defendant's lead case, Da Silva Moore v. Publicis Groupe, actually has two orders that discuss ESI and related discovery. In the first, issued before a certification motion had been filed, the Court ordered the parties to "produce ESI on a rolling basis." Moore v. Publicis Groupe, 287 F.R.D. 182, 204 (S.D.N.Y. 2012). In the second,[2] however, the Court "remind[ed] plaintiffs that they are only entitled to discovery related to either the named plaintiffs or to company policies to support a motion (not yet filed, much less granted) for class certification; plaintiffs are not entitled to discovery about individual potential class members until plaintiffs have moved for and been granted class certification." Da Silva Moore v. Publicis Groupe, 868 F. Supp. 2d 137, 169 (S.D.N.Y. 2012). Da Silva therefore suggests that some ESI discovery may be appropriate, but does not define how much. Finally, in Chen v. Ampco System Parking, all the court did was reject the plaintiffs' request to "require a carte blanche production of all documents from [various similar] state cases." No. 08 Civ. 0422, 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009). That is not the type of discovery at issue here.

At bottom, although Plaintiffs are not entitled to complete discovery before their collective

---

[2] Further muddying the waters, these comments about discovery were in the context of an order denying a motion to recuse.

is conditionally certified, the Court sees no reason to prevent them from obtaining and using ESI discovery to support their motion.[3] Nor has any party cited a case that clearly prohibits them from doing so.

That brings the Court to the second question: is it even *possible* for Defendant to begin ESI production on a rolling basis starting in August? Defendant argues that the various "in-depth steps required to" implement the ESI process make Plaintiffs' timeframe unreasonable. ECF No. 142 at 7. While the Court understands that the H5 process is complicated, Defendant has not convinced the Court that the "in-depth steps" require delaying the start of document production until December 2017. The parties appear to be on the verge of an agreement about search terms, so that is not a basis for delay. Id. Nor is there persuasive evidence that the development of the TAR models will take months, rather than weeks. Defendant also suggests that validating the models' results may reveal a flaw that necessitates additional work. But the Court will not set a lengthy schedule based on the possibility of future problems that have yet to arise, particularly given Defendant's claim that the "TAR process is capable of achieving an exceptionally high level of accuracy." Id. The Court also realizes that the TAR process requires attorney review of a few thousand documents. But again, with appropriate resources devoted to this matter, there is no reason why that task cannot be completed within the next few weeks.

Simply put, negotiations over ESI discovery have already consumed several months of the parties' time. Although Plaintiffs' proposed timetable is aggressive, it is not unreasonable. The Court orders Defendant to begin production of ESI discovery this month if possible, but no later than September 1, 2017.

IT IS SO ORDERED.

Dated: August 8, 2017

JON S. TIGAR
United States District Judge

---

[3] The documents PwC has produced so far, while not inconsequential, do not constitute meaningful discovery given the size and complexity of this case.

3