Jahan C. Sagafi (Cal. Bar No. 224887)
Laura Iris Mattes (Cal. Bar No. 310594)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com
E-mail: imattes@outtengolden.com

Adam T. Klein (admitted *pro hac vice*)
Melissa L. Stewart (admitted *pro hac vice*)
Daniel Stromberg (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: atk@outtengolden.com
E-mail: mstewart@outtengolden.com
E-mail: dstromberg@outtengolden.com

Daniel Kohrman (admitted *pro hac vice*)
Laurie McCann (admitted *pro hac vice*)
Dara Smith (admitted *pro hac vice*)
AARP FOUNDATION LITIGATION
601 E. Street, N.W.
Washington, D.C. 20049
Telephone: (202) 434-2060
Facsimile: (202) 434-2082
E-mail: dkohrman@aarp.org
E-mail: lmccann@aarp.org
E-mail: dsmith@aarp.org

Lucy B. Bansal (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue NW,
Second Floor West
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
E-mail: lbansal@outtengolden.com

*Additional counsel on next page.*

*Attorneys for Plaintiffs and Proposed Class and Collective Members*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE RABIN and JOHN CHAPMAN, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>Defendant. | Case No. 16-cv-02276-JST<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL MATERIALS RELATED TO PLAINTIFFS' RENEWED MOTION FOR CONDITIONAL CERTIFICATION** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jennifer L. Liu (Cal. Bar No. 279370)
THE LIU LAW FIRM, P.C.
1170 Market Street, Suite 700
San Francisco, CA 94102
Telephone: (415) 896-4260
Facsimile: (415) 231-0011
E-mail: jliu@liulawpc.com

1    In its Administrative Motion to Seal Materials Related to Plaintiffs' Motion for

2  Conditional Certification ("PwC Mot."), ECF No. 246, and accompanying Declaration of

3  Roderick Adams Establishing that Designated Materials are Sealable Pursuant to Civil Local Rule

4  79-5(e)(1) ("Adams Decl."), ECF No. 246-1, PricewaterhouseCoopers LLP ("PwC") fails to

5  show good cause to justify sealing three documents it proposes concealing from the public eye.

6    Plaintiffs respectfully request that the Court deny PwC's request to seal Exhibit 46, the

7  reference to Exhibit 46 in Plaintiffs' Renewed Motion for Conditional Collective Action

8  Certification and Issuance of Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b), ECF No.

9  241 ("Pls.' Brief")), Exhibit 51, and Exhibit 52, or order narrowly tailored redactions that conceal

10  only sealable content.

11    Plaintiffs do not oppose PwC's remaining requests to seal Exhibits 31, 35-45, 47-50, 53-

12  62, 68, based on the Court's prior rulings.  *See* ECF No. 235 (Order dated July 26, 2018) ("Prior

13  Sealing Order").

14  **I.**    **ARGUMENT**

15    **A.**    **PwC Has Not Shown "Good Cause" That "Specific Prejudice or Harm" Will
          Result From Disclosure.**
16

17    The Court has held that the "good cause" standard applies to requests to seal materials

18  related to the parties' conditional certification briefing pursuant to Civil L.R. 79-5.  ECF No. 235

19  (Prior Sealing Order) (citing *Coates v. Farmers Grp., Inc.*, No. 15 Civ. 1913, 2016 WL 8223348, at

20  *2 (N.D. Cal. Jan. 25, 2016) (Koh, J.)).  Under this standard, "the party seeking protection bears the

21  burden of showing specific prejudice or harm will result if no protective order is granted."

22  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

23  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are

24  insufficient.  *Id*. (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)

25  (citation omitted)).  Thus, a party must make a "particularized showing of good cause with

26  respect to any individual document" it seeks to seal.  *Phillips*, 307 F.3d at 1211 (quoting *San Jose*

27  *Mercury News, Inc. v. U.S. Dist. Court – N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir.

28  1999)).

1    PwC has not carried its burden.  Although public scrutiny of various facts about a party

2    "might harm a litigant's competitive standing," *Dugan v. Lloyds TSB Bank, PLC*, No. 12 Civ.

3    2549, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013), most evidence, such as evidence of

4    discriminatory intent, of the mechanism of discrimination, or of commonalities supporting 216(b)

5    or Rule 23 certification, is appropriately public.  *See Kamakana v. City & Cty. of Honolulu*, 447

6    F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a

7    litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

8    compel the court to seal its records.").

9         **B.    PwC's Sealing Requests Are Not Narrowly Tailored.**

10        PwC's request to seal Exhibits 46, 51, and 52, in their entirety is overbroad.  ECF No. 246

11   (PwC Mot.) at 3-5.  Each of these exhibits contain significant unsealable portions that can be

12   excluded easily from the sealed material with narrow redactions.  For example, PwC argues that

13   disclosure of Exhibit 46 would reveal "proprietary. . . recruiting results at different colleges,"

14   ECF No. 246 (PwC Mot.) at 3, which could "harm PwC's relationships with various schools that

15   PwC relies upon for quality candidates."  Adams Decl. ¶ 5.  However, the schools identified in

16   this document appear in a single column.  The exhibit could easily be partially sealed to eliminate

17   the school names while allowing public access to the remaining statistical information, on which

18   Plaintiffs rely.  *See* ECF No. 241 (Pls.' Brief) at 5 n.21.  Similarly, the parenthetical in Plaintiffs'

19   brief that PwC seeks to seal (because it references Exhibit 46, *see id.*), does not identify any

20   school by name or reveal any school-specific information, and thus should not be sealed at all.  At

21   this stage of the case, Plaintiffs do not object to partial sealing of Exhibit 46 to eliminate the

22   names of specific schools identified in the document.

23        Similarly, PwC seeks to seal all of Exhibit 52 because it contains "names and contact

24   information."  ECF No. 246 (PwC Mot.) at 4.  However, this identifying information is primarily

25   contained in four columns, and the remaining columns do not contain sealable information.

26   Plaintiffs do not object to partial sealing of this exhibit to protect third party names and contact

27   information.

28

Where, as here, a party fails to narrowly tailor its sealing requests, courts in this District routinely deny requests to seal.  *See Word to Info Inc. v. Google Inc.*, No. 15 Civ. 3486, 2016 WL 3648605, at *6 (N.D. Cal. July 8, 2016) (Orrick, J.) (denying sealing and requiring party to submit an amended declaration "narrowing its sealing requests"); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12 Civ. 5501, 2014 WL 12647906, at *2 (N.D. Cal. Sept. 18, 2014) (Illston, J.) (request to seal entire document—as opposed to redaction of particular parts—fails Rule 79-5's "narrowly tailored" requirement "on its face") (quoting L. Civ. R. 79-5); *CreAgri, Inc. v. Pinnaclife Inc.*, No. 11 Civ. 6635, 2014 WL 27028, at *2 (N.D. Cal. Jan. 2, 2014) (Koh, J.), *aff'd*, 579 F. App'x 1003 (Fed. Cir. 2014) (ruling on motion only after requiring parties to narrow sealing requests through meet and confer process).

**C.    PwC's Proffered Reasons for Sealing Lack Particularity.**

PwC's generalized explanations for sealing Exhibits 46, 51, and 52 also fail to satisfy the particularity requirement.  "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."  *San Jose Mercury News, Inc.*, 187 F.3d at 1103; *see also Beckman Indus.*, 966 F.2d 475 ("Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation.").  To overcome that presumption, a party must make a "*particularized* showing of good cause."  *San Jose Mercury News Inc.*, 187 F.3d at 1103 (emphasis added).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient.  *Beckman Indus., Inc.*, 966 F.2d at 476.  A "general statement that the documents at issue relate to the private and commercial interests of the parties involved and contain sensitive commercial information," without substantiation, is insufficient.  *Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand)*, No. 09 Civ. 995, 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009).

Here, PwC does just that.  The declaration of Roderick Adams relies on general, boilerplate justifications.  *See* Adams Decl. ¶¶ 5-6 (repeating that disclosure would "cause harm to PwC's commercial interests and business needs by disclosing PwC's strategies to competitors").  These rote incantations fail to explain how or why—in each instance—the precise information must be sealed.  *See Dunbar v. Google, Inc.*, No. 12 Civ. 3305, 2012 WL 6202719, at

*5 (N.D. Cal. Dec. 12, 2012) (Koh, J.) (denying motion to seal because the defendant corporation failed to explain "how a competitor would use th[e] information to obtain an unfair advantage").

Courts in this District regularly deny motions where the moving party asserts a competitive harm without sufficient support, as PwC does here. *See, e.g.*, *Whitecryption Corp. v. Arxan Techs., Inc.*, No. 15 Civ. 754, 2016 WL 7852471, at *2 (N.D. Cal. Mar. 9, 2016) (Orrick, J.) (denying sealing motion for failure to make particularized showing); *In re High-Tech Emp. Antitrust Litig.*, No. 11 Civ. 2509, 2013 WL 163779, at *3, *5 (N.D. Cal. Jan. 15, 2013) (Koh, J.) (same); *Dunbar*, 2012 WL 6202719, at *3 (same).

### D.   Public Policy Supports Open Access to Information About Important Litigation.

Public access to information in judicial proceedings is critical to our democracy. Adhesive confidentiality agreements, abuses of government and corporate power, and privatization of the judiciary are eroding Americans' ability to know how laws are (or are not) being enforced, and how abuses of power can be checked.  Here, PwC presents generalized concerns that do not outweigh the strong public interest in understanding how antidiscrimination principles are vindicated and how class and collective actions work.  The American public has a strong interest in accessing non-confidential documents related to the underlying facts of the case, involving a global company and more than 12,000 potential collective members.  Under PwC's overbroad approach, a great deal of information relating to its recruitment, hiring, and alleged discrimination would be subject to sealing, no matter how attenuated the harm or how strong the public interest.

Overly aggressive sealing also imposes significant burdens on the parties.  It triggers the administrative motion process, which drives up the cost of litigation and drains judicial resources. Each administrative motion (including the meet and confer process, the redaction process, the filing itself) imposes several thousand dollars of attorney and staff time.  Driving up the cost of litigation chills individuals from invoking the protections of civil rights and other remedial statutes, undermining Congress's goals of eliminating discrimination against and exploitation of workers.

Sealing also exacerbates the information asymmetry between the parties in civil rights actions.  Defendants facing repeat litigation for similar or overlapping claims may use their own information, even if it has been sealed in a prior action.  Plaintiffs in different actions cannot gain access to sealed information from other actions.  Thus, each instance of sealing of information regarding defendants' conduct in civil rights litigation like this action degrades plaintiffs' chances of obtaining necessary discovery and, ultimately, remedies.

**II.**      **CONCLUSION**

Plaintiffs respectfully request that the Court deny PwC's requests to seal Exhibits 46, 51, 52, and the reference to Exhibit 46 in Plaintiffs' brief, or order narrowly tailored redactions that encompass only sealable material.

Respectfully submitted,

Dated:  September 4, 2018                    By: /s/ *Melissa L. Stewart*
                                                  Melissa L. Stewart

Jahan C. Sagafi (Cal. Bar No. 224887)
Laura Iris Mattes (Cal. Bar No. 310594)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com
E-mail: imattes@outtengolden.com

Adam T. Klein (admitted *pro hac vice*)
Melissa L. Stewart (admitted *pro hac vice*)
Daniel Stromberg (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: atk@outtengolden.com
E-mail: mstewart@outtengolden.com
E-mail: dstromberg@outtengolden.com

Lucy B. Bansal (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue NW,
Second Floor West
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
E-mail: lbansal@outtengolden.com

Daniel Kohrman (admitted *pro hac vice*)
Laurie McCann (admitted *pro hac vice*)
Dara Smith (admitted *pro hac vice*)
AARP FOUNDATION LITIGATION
601 E. Street, N.W.
Washington, D.C. 20049
Telephone: (202) 434-2060
Facsimile: (202) 434-2082
E-mail: dkohrman@aarp.org
E-mail: lmccann@aarp.org
E-mail: dsmith@aarp.org

Jennifer L. Liu (Cal. Bar No. 279370)
THE LIU LAW FIRM, P.C.
1170 Market Street, Suite 700
San Francisco, CA 94102
Telephone: (415) 896-4260
Facsimile: (415) 231-0011
E-mail: jliu@liulawpc.com

*Attorneys for Plaintiffs and Proposed Class and
Collective Members*