UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE RABIN, et al.,

              Plaintiffs,

    v.

PRICEWATERHOUSECOOPERS LLP,

              Defendant.

Case No. 16-cv-02276-JST   (SK)

**ORDER DENYING PLAINTIFFS'
REQUEST FOR ADDITIONAL
INFORMATION**

Regarding Docket No. 258

United States District Court
Northern District of California

Plaintiffs move for additional information regarding "data values from the fields" in a database of applicants from Defendant PricewaterhouseCoopers ("PwC"). Specifically, Plaintiffs seek information regarding grades, professional credentials, fields of study, and experience of applicants to PwC. Plaintiffs seek this information to prove that PwC, in failing to hire them, discriminated against Plaintiffs and other applicants.

**A. Procedural History**

In 2016, Plaintiffs requested data from PwC regarding data from PwC's Source1 database to support Plaintiffs' motion for conditional collective action certification and issuance of court-authorized notice pursuant to 29 U.S.C. § 216(b) ("216 Motion"). After the parties disagreed upon the scope of information PwC would provide, they submitted the issue for resolution to the Court. (Dkt. 96.) The District Court then ruled that PwC was required to provide data in certain limited fields. (Dkt. 105.)

Plaintiffs then filed their 216 Motion, and the District Court denied the motion. (Dkts. 198, 236.) The District Court held that Plaintiffs are not "generally comparable to those they seek to represent." (Dkt. 236 (internal citation omitted)). The District Court held that Plaintiffs are

facially qualified for the positions that they seek, since they passed the "initial screen" of potentially qualified candidates, but they seek to represent a larger group of applicants who are not facially qualified candidates because they did not pass the initial screen. (*Id*.) The District Court explained that PwC has certain minimum requirements for positions and interviews only the candidate who pass the initial screen for those minimum requirements. (*Id*.) Both Plaintiffs here passed that initial screen, but they seek to represent a group of applicants who are not facially qualified because those other applicants include people who did not pass that initial screen. (*Id*.) The District Court acknowledged that Plaintiffs had argued that discrimination occurred at the stage of the initial screen but stated that Plaintiffs "must find another way to challenge discrimination in the initial screen, either through its existing named plaintiffs . . . or through a different named plaintiff[.]" (Id.)

Plaintiffs filed a renewed 216 Motion on August 27, 2018. The parties met and conferred about the fields in the database PwC agreed to provide, but they could not agree on the fields. Plaintiffs filed this request on December 11, 2018. Plaintiffs argue that they need this information for the hearing set for December 20, 2018 on the renewed 216 Motion.

**B. Discussion**

PwC provided data for 250,000 applicants with information from 35 "fields" – certain categories of information – from the Source1 database, pursuant to the District Court's previous order discussed above. Plaintiffs now seek information about an additional 143 fields from the same Source1 database for the same applicants. It appears that Plaintiffs are challenging the District Court's analysis in the Order denying the first 216 Motion, as Plaintiffs again dispute the integrity of the initial screen. The District Court, however, provided Plaintiffs with a clear path to show that they are comparably situated to other applicants who do not have valid qualifications – either by finding additional plaintiffs who did not make the initial screen or by alleging that Plaintiffs applied for jobs for which they were qualified but did not pass the initial screen because PwC allegedly discriminated against them. The information that Plaintiffs seek here do not assist them in overcoming the hurdle the District Court identified in the Order denying the first 216 Motion. For that reason, Plaintiffs' request for additional information is DENIED.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="float:left">United States District Court<br>Northern District of California</div>

Additionally, Plaintiffs' timing creates an impossible situation for PwC.  Plaintiffs made this request on December 11, 2018, after Plaintiff completed the briefing on the renewed 216 motion.   PwC alleges that compiling the data that Plaintiffs seek in this motion will require 350 hours of work, and that even compiling the information from the 35 fields previously provided took hundreds of hours over a period of two months.  Even if PwC were required to provide this information, it seems unlikely that PwC would be able to do so in a manner that would assist the Court for the December 20, 2018 hearing.  Plaintiffs have been aware of the issue about the Source1 database and delayed in bringing this request for additional information to the Court. This is another reason Plaintiffs' request is DENIED.

**IT IS SO ORDERED**.

Dated: December 14, 2018

_____
SALLIE KIM
United States Magistrate Judge

3