160 Fresh Ponds Road
East Brunswick, NJ 08816
November 17, 2020

Class Action Clerk
United States District Court for the Northern District of California
1301 Clay Street
Oakland, CA 94612

FILED
NOV 20 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Re:  **Rabin v. PricewaterhouseCoopers LLP**
     Case No. **16-cv-02276-JST**

To the Honorable Tigar United States District Judge,

I would like to object to the allocation method of the proposed Settlement in the Class Action case referred to above. This allocation method applies to everyone in the Class, including myself. I am a Collective member because I applied for a position at PricewaterhouseCoopers in 2015, was qualified for this position, but was rejected due to my age at that time.

I did not opt out because prosecuting claims against large companies like PricewaterhouseCoopers is not a realistic option for a single individual of limited resources like myself. I have no attorney in this matter.


As described in the Settlement Notice we received, Class members receive base points. For example, I believe I am in Category 2 and so receive 1.5 base points. The allocation procedure continues:

> The Settlement Administrator, at Class Counsel's direction, will apply the following multipliers to each Claimant's point allocation: (1) anyone who received an in-person interview with PwC, as reflected in PwC's records, will receive a 10x multiplier, and (2) anyone who is not eligible for that multiplier (in categories 1, 2, and 3) will be eligible for a multiplier of 0x, 1x, 2x, or 3x, based on the information they provide in their Claim Form (i.e., college GPA, college degree information, CPA license, and work experience), to be determined by the Settlement Administrator in its sole discretion, as advised by Class Counsel.

**Rabin v. PricewaterhouseCoopers LLP**
     Case No. **16-cv-02276-JST**

I did not receive an in-person interview so I am not eligible for a 10x multiplier, but only for a 0-3x multiplier. I respectfully object because this perception and the resulting assignment of a multiplier based on this perception are exactly **backwards,** resulting in an unfair distribution. The principle should obviously be that: *the greater the discrimination, the greater the compensation.*

So who then has experienced greater discrimination based on age -- the person who was blatantly turned down immediately based only on resume submission and so never even got a foot in the door; or the person whose resume initially passed, was taken seriously enough to be interviewed and was turned down perhaps much later in the hiring process? I believe that if you got an interview then you were not discriminated against initially. You at least had some chance in the personal interview to make your case for hire. However, I was never given that fair chance by PwC as I was shot down immediately – I sent in my application on a Friday and received my rejection notice on Monday.

Thus I would say that it is those who did not receive an interview who should be allocated a 10x multiplier and those who did receive an interview should be allocated 0-3x because *the greater the discrimination, the greater the compensation.* Or if you will, allocate everyone 0-3x and leave out the 10x multiplier altogether, because after all, we all were discriminated against and we all lost good job opportunities.

Otherwise, we are being discriminated against a second time by this Settlement allocation method.


Thanks very much for your understanding,


*Gerald Feldman* (signature)
Gerald Feldman




**Rabin v. PricewaterhouseCoopers LLP**
   **Case No. 16-cv-02276-JST**